IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALEXANDRA LYONS, individually and on behalf of all others similarly situated, | CASE No: 24 CV 22300 RUIZ |
| Plaintiff, | |
| WAX MEE SPA, INC. D/B/A WAXMEE SALON & SPA, | |
| Defendant. | |

## DEFENDANT WAX MEE SPA, INC.'S
## MOTION TO DISMISS COMPLAINT PURSUANT TO. F.R.C.P. 12(b)(1) and 12(b)(6)

Defendant WAX MEE SPA, INC. ("WAX MEE"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), hereby moves to dismiss Plaintiff ALEXANDRA LYONS' ("Plaintiff") Class Action Complaint ("Complaint") and in support states as follows:

### INTRODUCTION

Plaintiff brings the instant class action against WAX MEE based on the allegation that she received two text messages allegedly sent through an automatic telephone dialing system ("ATDS") without prior express written consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff's Complaint fails to establish a viable TCPA claim as Plaintiff lacks standing to sue.

Plaintiff has not sustained a concrete injury based on *Salcedo*[1], in which the Eleventh Circuit addressed standing to sue for text messages sent in alleged violation of the TCPA, which

---

[1] *Salcedo v. Hanna,* 2019 WL 4050424, No. 17-14077 (11th Cir. Aug. 28, 2019)

is the sole claim Plaintiff asserts in this case. Specifically, the Eleventh Circuit held that a single unsolicited text to the plaintiff did not confer Article III standing to sue under settled principles from the Supreme Court. As further explained below, this Court should apply *Salcedo* to this case and dismiss Plaintiff's Complaint, or grant judgment on the pleadings in favor of Defendant, for lack of standing.

## PLAINTIFF'S ALLEGATIONS

Plaintiff, a customer of WAX MEE received two (2) text messages—(i) on May 30, 2024 and (ii) June 4, 2024:



(Complaint, ¶ 9).

Plaintiff alleges she utilizes the cellular telephone number that received Defendant's text messages for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home. (D.E. 1 [Compl.], ¶ 13). Plaintiff also alleges that she has not transacted any business with Defendant within the past eighteen (18) months before receiving the above text messages. (*Id.,* ¶ 14). Further, Plaintiff alleges that she has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above text messages. (*Id.,* ¶ 15).

However, Plaintiff never opted out of either of the two (2) text messages she received. Plaintiff alleges she never signed any type of authorization permitting or allowing Defendant to send her text message solicitations. (*Id.,* ¶ 16). As for her damages, Plaintiff alleges Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class Members. (*Id.,* ¶ 17). Tellingly, Plaintiff offers no further explanation, nor does she allege how exactly she is injured.

Based upon these meager allegations, Plaintiff brings a one count complaint for violation of the TCPA and seeks to represent the following class:

> All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) place more than one text messages call within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to state a cognizable legal theory or allege enough plausible facts to support the claim stated. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). If the "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" *Id.* "[T]he pleading standard [of] Rule 8 ... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true." *Leonard v. Zwicker & Associates. P. C*, No. 16-CV-14326, 2016 WL 7388645, *2 (S.D. Fla. Dec. 14, 2016). "However, pleadings that 'are no more than conclusions, are not entitled to the assumption of truth.' [Legal conclusions] must be supported by factual allegations." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Moreover, a court's "duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations." *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

## LEGAL ARGUMENT

### I. THE BURDEN OF PROOF GOVERNING ARTICLE III STANDING RESTS WITH PLAINTIFF.

The standing requirement exists "to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A federal court does not have the power to hear cases where Article III standing is lacking. *See Worthy v. City of Phenix City, Ala.*, 930 F.3d 1206, 1213 (11th Cir. 2019). Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction to hear a particular

case. Plaintiff, "as the party invoking federal jurisdiction, bears the burden of establishing" standing. *Flat Creek Transportation, LLC v. Fed. Motor Carrier Safety Admin.*, 923 F.3d 1295, 1300 (11th Cir. 2019); *see also Murphy v. Secy., U.S. Dep't of Army*, 769 Fed. Appx. 779, 782 (11th Cir. 2019) ("The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction."); *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004). Thus, Plaintiff bears the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); *Worthy*, 930 F.3d at 1213-14.

As this Court has observed, "it is well established that issues concerning subject matter jurisdiction can be raised at anytime." *Wein v. St. Lucie County, Fla.*, 461 F. Supp. 2d 1261, 1262 (S.D. Fla. 2006) (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3); *Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc.*, 562 F.2d 938, 940 (5th Cir. 1977)). Indeed, this Court has a duty to continually re-examine its jurisdiction throughout the case, and to dismiss whenever jurisdiction appears to be lacking. *See, e.g., Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *see also Wilson v. State Bar of Ga., 132 F.3d 1422, 1427* (11th Cir. 1998) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.") (quoting *National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 250 (1994)); *Reahard v. Lee County*, 978 F.2d 1212, 1213 (11th Cir. 1992) ("We always must investigate questions of subject matter jurisdiction, whether or not they are raised by the parties to the case." (quotation omitted)); see generally Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To meet the "irreducible constitutional minimum" of Article III standing, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, plaintiff has failed to establish the required "injury in fact," which is the "[f]irst and foremost of standing's three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 103 (1998)). "A plaintiff has an injury in fact if he suffered an invasion of a legally protected interest that is concrete, particularized, and actual or imminent." *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016) (citing Lujan, 504 U.S. at 560), reh'g denied, 855 F.3d 1265 (11th Cir. 2017). "A 'concrete' injury must be de facto; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548; *Nicklaw*, 839 F.3d at 1002.

The Supreme Court in *Spokeo* held that a plaintiff does not automatically satisfy the injury in fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1548. Thus, a "bare procedural violation, divorced from any concrete harm" does not suffice to establish Article III's injury in fact requirement. *Id.* Rather, Article III demands that a plaintiff have suffered a "concrete injury even in the context of a statutory violation." *Id.* at 1549. Based on these stringent requirements and in light of the *Salcedo* opinion, Plaintiff does not adequately allege an Article III injury-in-fact.

## II. PLAINTIFF DID NOT PLEAD FACTS CONSTITUTING AN "INJURY-IN-FACT" SUFFICIENT TO CONFER ARTICLE III STANDING.

A party can move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. "A facial attack on the [claim] requires the court merely to look and see if the [party] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his [claim] are taken as true for the purposes of the motion." *Gonzalez v. Batmasian,* 239 F. Supp. 3d 1363, 1365 (S.D. Fla. 2017) (quoting *McElmurray v. Consolidated Gov't of Augusta–Richmond Co.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (brackets added by *Gonzalez*)). Notwithstanding that relatively light standard, Plaintiff's operative Complaint does not plead facts sufficient to withstand the *Salcedo* analysis. Indeed, Plaintiff's allegations of injury-in-fact are contained in a single sentence and allege, in completely conclusory fashion, that

Defendant's two (2) text messages "resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff." (D.E. 1 [Compl.], ¶ 17). *Salcedo* rejected those allegations as a basis for standing, and the others do not plead an injury-in-fact in light of *Salcedo*.

### a. The *Salcedo* Court Specifically Rejected The Allegation That "Intrusion in Peace and Quiet" Is A Cognizable Injury-In-Fact In Text Messaging Cases.

Plaintiff's allegation that the Defendant's two (2) text messages resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff is specifically rejected by *Salcedo*. In that case, the Eleventh Circuit heeded *Spokeo's* directive to "turn to history for guidance, because the case or controversy requirement of Article III 'is grounded in historical practice,' thus 'it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in

English or American courts.'" *Salcedo*, 2019 WL 4050424, *6 (quoting *Spokeo*, 136 S. Ct. at 1549).

With regard to the allegation of invasion of privacy, the *Salcedo* court "look[ed] to the generally accepted tort of intrusion upon seclusion, which creates liability for invasions of privacy that would be 'highly offensive to a reasonable person.'" *Id.* (quoting Restatement (Second) of Torts § 652B). The court added that the "requirement that the interference be 'substantial' and 'strongly object[ionable]' instructs us that a plaintiff might be able to establish standing where an intrusion on his privacy is objectively serious and universally condemnable." *Id.* (quoting Restatement (Second) of Torts § 652B cmt. d, which states, according to *Salcedo*, "no liability for one, two, or three phone calls; liability 'only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff'"). The court held that "Salcedo's allegations fall short of this degree of harm. We do not see this type of objectively intense interference where the alleged harm is isolated, momentary, and ephemeral." *Id.*

Based on *Salcedo*, no reasonable person would consider the two (2) non-confirmatory texts Defendant sent to Plaintiff to be "objectively serious and universally condemnable." Nor would such a minuscule number of texts "amount to a course of hounding the plaintiff" as required under *Salcedo* and the Restatement. Plaintiff's allegations of "invasion of privacy" fail sufficiently to plead an injury-in-fact under *Salcedo*.

    **b. The *Salcedo* Court Specifically Rejected The Allegation That "Intrusion Upon Seclusion" Is A Cognizable Injury-In-Fact In Text Messaging Cases.**

Similarly, the *Salcedo* court rejected the proposition that unwanted texts constitute an "intrusion upon seclusion" sufficient to establish standing. The court observed that "[t]he tort of intrusion upon seclusion also requires an intrusion 'upon the solitude or seclusion of another or his private affairs or concerns.'" *Id.* (quoting Restatement (Second) of Torts § 652B). The *Salcedo*

plaintiff contended that "his cell phone is part of his private affairs," but the Eleventh Circuit held that "the Restatement contemplates a different category of intrusion into private affairs, listing examples including eavesdropping, wiretapping, and looking through one's personal documents." *Id.* (citing Restatement (Second) of Torts § 652B cmt. b). The court held that "[s]imply sending one text message to a private cell phone is not closely related to the severe kinds of actively intermeddling intrusions that the traditional tort contemplates. *Salcedo's* reasoning would equate opening your private mail—a serious intrusion indeed—with mailing you a postcard." *Id.*

Again, the *Salcedo* reasoning applies with equal force here. Two (2) texts cannot equate, as *Salcedo* held, to "the severe kinds of actively intermeddling intrusions that the traditional tort" of intrusion upon seclusion "contemplates." Accordingly, Plaintiff's bare allegation of "intrusion upon seclusion" fails to plead a concrete injury for purposes of standing.

In short, Plaintiff's conclusory injury-in-fact allegations, even if taken as true, do not sufficiently plead an injury-in-fact as required by *Salcedo*. Accordingly, the Court should dismiss Plaintiff's Complaint, or grant judgment on the pleadings as to the Complaint, for lack of standing.

### III. PLAINTIFF HAS NOT ESTABLISHED FACTS CONSTITUTING AN "INJURY IN FACT" SUFFICIENT TO CONFER ARTICLE III STANDING.

Even if the Court were to hold that Plaintiff pleaded facts sufficient to establish Article III standing and overcome the "facial attack," Plaintiff has fallen well short of overcoming the factual attack on her ability to maintain this lawsuit. As the Eleventh Circuit has explained, when a "factual" attack is made on the plaintiff's standing to sue, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56.

Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and

satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir.), cert. denied, 454 U.S. 897 (1981)). Thus, as this Court: "Because standing is 'not [a] mere pleading requirement[ ] but rather an indispensable part of the plaintiff's case, [it] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *MSPA Claims 1, LLC v. Liberty Mutual Fire Ins. Co.*, 322 F. Supp. 3d 1273, 1277 (S.D. Fla. 2018) (Williams, J.) (quoting *Lujan*, 504 U.S. at 559-60) (brackets by *MSPA*); *see also Beaver v. Inkmart, LLC,* No. 12-cv-60028, 2012 WL 4005970, *2 (S.D. Fla. Sept. 14, 2012) (a 12(b)(1) motion to dismiss for lack of standing "dispute[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and therefore "matters outside the pleadings, such as testimony and affidavits, are considered") (citing *Lawrence*, 919 F.2d at 1529).

Here, Plaintiff cannot withstand the factual attack to Article III standing. Accordingly, the Court should dismiss the Complaint on the basis that Plaintiff lacks Article III standing based on the facts of the case.

### a. The Facts Developed in the Case Demonstrate That Plaintiff Did Not Sustain An Injury-in-Fact Sufficient to Confer Standing in Light of *Salcedo*.

#### i. Plaintiff Has Not Produced Any Facts To Establish Standing.

As established above, Plaintiff utterly failed to produce any facts that would support her barebones allegations in the Complaint. At best, these assertions are akin to the "fleeting infraction upon personal property" that *Salcedo* rejects. *Salcedo*, 2019 WL 4050424, *7. Plaintiff has completely failed to support her conclusory allegations that the two (2) text messages resulted in

intrusion into the peace and quiet in a realm that is private and personal to Plaintiff that would confer Article III standing. *See Opperman*, 87 F. Supp. 3d at 1056.

The facts are clear that Plaintiff, at most, was mildly annoyed or inconvenienced by the texts, and it is equally clear that *Salcedo* requires much more than that to confer standing to sue in a TCPA texting case. The Court should dismiss the Complaint for lack of standing.

> ii. **Plaintiff Cannot Establish Standing Due to Intentionally Refusing To Reply "STOP" To Discontinue Receiving Texts.**

The Supreme Court's Clapper Ruling prohibits a plaintiff from manufacturing standing by inflicting harm upon herself. The only argument Plaintiff can make that would distinguish her case from *Salcedo* is something along the lines of, "I received two texts; Salcedo only received one." Such an argument would be meritless if made. Indeed, if Plaintiff could plausibly establish "injury-in fact" based on the receipt of two (2) texts, it's only because she intentionally refused to take a few seconds to ensure that she would stop receiving the very texts she now complains about, meaning she continued to accumulate them even as she now says she never wanted them in the first place. Those facts do not support standing.

Highly instructive here is the Supreme Court's holding in *Clapper v. Amnesty Intern. USA*, 568 U.S. 398 (2013), which addressed Article III standing under a federal statute, the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. § 1881a, which allows the acquisition of foreign intelligence information through the surveillance of individuals who are not "United States persons" and are reasonably believed to be located outside the United States. The plaintiffs were "United States persons" who believed they might become entangled in the surveillance of the non-U.S. persons that were the targets of the statute, and they sought to enjoin any § 1881a-authorized surveillance. The Supreme Court held that the plaintiffs had not sustained an injury-in-fact sufficient to confer Article III standing. *See generally Clapper*, 568 U.S. at 408-22. One of the

failed arguments the *Clapper* plaintiffs made was that the plaintiffs had incurred costs based on an alleged "fear of surveillance" under the statute. *Id.* at 415. The Supreme Court rejected that argument, holding that the plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Id.* at 416 (*citing Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976); *Nat'l Family Planning & Reproductive Health Assn., Inc*., 468 F.3d 826, 831 (D.C. Cir. 2006)). Thus, a plaintiff cannot manufacture an injury-in-fact, and Article III standing, by self-inflicting the alleged harm that purportedly supplies standing.

## CONCLUSION

Plaintiff has not sustained a concrete injury based on *Salcedo*. The only distinction between this case and *Salcedo* is that Plaintiff complains of two (2) text messages, whereas the *Salcedo* plaintiff complained of one (1). But that is a distinction without a difference for these purposes, and the Eleventh Circuit's language in *Salcedo* applies with equal force to this case:

> In sum, we find that history and the judgment of Congress do not support finding concrete injury in Salcedo's allegations. Salcedo has not alleged anything like enjoying dinner at home with his family and having the domestic peace shattered by the ringing of the telephone. Nor has he alleged that his cell phone was searched, dispossessed, or seized for any length of time. Salcedo's allegations of a brief, inconsequential annoyance are categorically distinct from those kinds of real but intangible harms. The chirp, buzz, or blink of a cell phone receiving a single text message is more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face. Annoying, perhaps, but not a basis for invoking the jurisdiction of the federal courts. All told, we conclude that Salcedo's allegations do not state a concrete harm that meets the injury-in-fact requirement of Article III. *Salcedo,* 2019 WL 4050424, *7.

The Court should apply *Salcedo* and dismiss the Complaint for lack of standing.

Dated: July 26, 2024

                                      Respectfully submitted,

                By:    */s/ Kenneth M. Damas*
                          **Kenneth M. Damas, Esq.**
                          **DAMAS LAW**
                          300 Sevilla Avenue, Suite 306
                          Coral Gables, Florida 33134
                          Tel: (305) 460-1119 | Fax: (305) 488-0593
                          Fla. Bar No.: 0043643
                          E-mail: ken@damaslaw.com
                          Secondary E-mail: Service@damaslaw.com
                          *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 26, 2024 , I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record identified on the Service List below.

                                        */s/ Kenneth M. Damas*
                                        **Kenneth M. Damas, Esq.**
                                        Fla. Bar No.: 0043643

**Service List**

Jibrael S. Hindi, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com

Zane C. Hedaya, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Email:zane@jibraellaw.com